**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **10-CR-188A(Sr)**

**MARGARITA ORTIZ,**

**Defendant.**

---

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. # 251.

## PRELIMINARY STATEMENT

The defendant, Margarita Ortiz, is charged in count 4 of a 13 count indictment against 23 defendants with conspiracy to possess with intent to distribute, and to distribute, five kilograms or more of a mixture and substance containing cocaine and a mixture and substance containing marijuana, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 841(b)(1)(D), in violation of Title 21 United States Code Section 846. Dkt. #1. The defendant also faces forfeiture of money pursuant to Title 21, United States Code, Sections 853(a)(1), 853(a)(2), and 853(p). Dkt. #1.

The defendant filed an omnibus motion for discovery. Dkt. #233. The government filed a response and request for reciprocal discovery. Dkt. #385. This Report, Recommendation and Order addresses defendant's request for dismissal of the indictment and suppression of statements and evidence obtained pursuant to Title III intercept orders.

## DISCUSSION AND ANALYSIS

### Dismissal of Indictment

Defendant seeks dismissal of the indictment because there is no evidence to suggest defendant's involvement in the alleged conspiracy. Dkt. #233, pp.19-20. However, the United States Supreme Court has determined "that an indictment, fair upon its face, and returned by a properly constituted grand jury, conclusively determines the existence of probable cause . . .." *Gerstein v. Pugh*, 420 U.S. 103, 117, n.19 (1975) (internal quotations omitted); *See United States v. Monsanto*, 924 F.2d 1186, 1196 (2d Cir. 1991) ("an indictment issued by a grand jury conclusively establishes probable cause"). "[S]peculations that the grand jury has insufficient evidence on which to indict . . . are not enough to overcome the presumption of regularity attached to grand jury proceedings." *Ostrer v. Aronwald*, 567 F.2d 551, 553-554 (2d Cir. 1977), *citing United States v. Costello*, 350 U.S. 359 (1956). As defendant has raised no argument to challenge the presumption of regularity afforded grand jury proceedings, it is recommended that defendant's motion to dismiss be denied.

**Suppression of Statements**

As defendant acknowledges there is no claim that any statements were obtained from defendant (Dkt. #233, p.16), it is recommended that her motion to suppress be denied.

**Suppression of Physical Evidence**

As defendant acknowledges that there is no claim that any property of any nature was seized from her apartment (Dkt. #233, p.17), it is recommended that her motion to suppress be denied.

**Suppression of Wire Interceptions**

Defendant claims that there was no necessity to obtain a wiretap to prove her role in the conspiracy because there was no cause to believe that defendant was anything more than the live-in girlfriend of one of the co-defendants. Dkt. #233, pp.17-18.

18 U.S.C. § 2518(10)(a) permits any aggrieved person to move to suppress the contents of any intercepted communication on the grounds that the communication was unlawfully intercepted; the order approving interception was insufficient on its face; or the interception was not made in conformity with the interception order. An “aggrieved person” is defined as “a person who was a party to any intercepted wire, oral, or electronic communication or a person against whom the interception was directed.” 18 U.S.C. § 2510(11).

As the defendant was neither a named target nor an interceptee on any of the Title III interception orders at issue in this case, the burden is on defendant to demonstrate standing by submitting sworn evidence, by affidavit or testimony, from the defendant or someone with personal knowledge, establishing that it was the defendant's voice that was intercepted on the wiretap. *United States v. Bellomo*, 954 F. Supp. 630, 639 (S.D.N.Y. 1997) ("Absent a sworn statement by [defendant] or someone with personal knowledge averring that [defendant's] voice was intercepted on the cellular phone, he lacks standing to seek suppression of the evidence that the wiretap on that phone produced."). An unsworn assertion of the government's representation that defendant's voice was intercepted is insufficient to establish standing. *United States v. Montoya-Eschevarria*, 892 F. Supp. 104, 106 (S.D.N.Y. 1995). As defendant has failed to aver that her voice was intercepted, it is recommended that her motion to suppress be denied for lack of standing.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1), that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

DATED: Buffalo, New York
June 15, 2012

***s/H. Kenneth Schroeder, Jr.***
**H. KENNETH SCHROEDER, Jr.**
**United States Magistrate Judge**